## The Komuk.

## The Don Juan.

## Low v. The Komuk and The Don Juan.

*(District Court, S. D. New York. May 7, 1892.)*

1. Collision—Steam Vessels—Crossing Near Piers—Bad Lookout—Failure to Reverse—Right of Way.

   The tug D. J. backed out of a slip without heeding the presence or signals of the tug K., approaching near. The K. recognized the risk of collision, but did not reverse. *Held*, that the K. in voluntarily going near the piers, had no priority in the right of way over the D. J., though on the D. J.'s starboard hand, and both were held for negligent navigation.

2. Same—Notice of Claim—Laches.

   On a slight collision, and no notice of claim or of survey until six months afterwards, and after a season's running of the boat and without repair, libel not filed till eight months, costs disallowed.

In Admiralty. Libel by Mortimer E. Law against the tug Komuk and the tug Don Juan for collision. Decree for libelant against both vessels.

*Hyland & Zabriskie*, for libelant.

*Carpenter & Mosher*, for the Komuk.

*Wilcox, Adams & Green*, for the Don Juan.

Brown, District Judge. At about 5:40 p. m. on March 28, 1891, as the tug Komuk was going up the East river in the flood tide with two canal boats in tow on her port side, the libelant's boat being the outer port boat, for the purpose of putting them in a tow to be made up off pier 9, the libelant's boat was run into, off the slip between piers 7 and 8, East river, by the tug Don Juan, which was backing out of the slip with a barge alongside, by which it is alleged two planks of the libelant's boat were broken.

The libel was not filed until December 9, 1891. No notice of survey was given until six months after the accident, nor any claim for damages made. All the witnesses from the Don Juan testify that they had no knowledge of any collision at all, and have no recollection of the alleged occurrence. The witnesses from the Komuk, however, examined for the libelant, testify to the collision, and identify the Don Juan as the boat that backed into the tow. The Komuk had taken the two canal boats from the slip below, between piers 6 and 7, and proceeded up the East river about 200 or 350 feet only from the ends of the piers. Her pilot testifies that he did not see the Don Juan coming out of the slip until she was near its mouth and about 250 feet above him; that he gave her a signal of one whistle, got no answer, then stopped his engine, repeated the signal, and hailed the Don Juan's pilot, who gave him no response but kept on backing. This proves negligence in the Don Juan.

Boats navigating near the mouths of slips have no priority as respects the right of way. There is at least an equal right in outgoing boats to come out without obstruction from such navigation. If tugs with tows to be taken a short distance, as in this case, may be justified in going near the shore where the Komuk went, they still have no superior right to tugs coming out of their slips; and they are bound to go at such a moderate speed, and with such special caution, as will not endanger either their own tows or other boats. *The Edgar F. Luckenbach*, 8 U. S. App. 9; 50 Fed. Rep. 129. The evidence of the pilot of the Komuk seems to me to show clearly that he recognized the danger of collision when he saw the Don Juan backing out of her slip, and that the Don Juan neither heeded nor replied to his first signal, and did not hold up. It was the Komuk's duty under rule 21 to reverse at once. Had she done so, there would have been no collision, if she was going at moderate speed before; or if any collision had followed, it would not have been the libelant's boat that would have suffered. I must, therefore, hold both boats liable.

The damage in this case was slight. The collision must have been slight also. No report of it was made to the supervising inspectors, nor to the Don Juan's employers, as would have been the duty of the pilot of the tug, had he been aware of any injurious collision; and I am inclined to accept, therefore, their testimony that they knew nothing of any collision damage. If aware of any contact of the boats at the time, it probably passed from memory on the supposition that no harm had been done. No sufficient explanation is given by the libelant of the long delay in presenting the claim, or in giving notice of the survey. The boat was used for nearly a whole season; and from the libel it appears that no repair of the injury up to December had been made. Such unexplained delay is unreasonable, and is prejudicial to a fair opportunity for defense, or for protection against intervening dangers, or injuries of which the defendants can have no knowledge. To discourage such laches, I must withhold costs.

Decree for the libelant against both vessels, but without costs.